IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 12 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02554-ZLW

LAWRENCE M. JIRON,

      Applicant,

v.

JUDGE ROBERT W. OGBURN,
JUDGE O. JOHN KUENHOLD,
DISTRICT ATTORNEY PETER J. COMAR,
WARDEN STEVEN GREEN, Delta Correctional Center, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant Lawrence M. Jiron has filed *pro se* on April 3, 2006, a document titled "An 'Order' to Reconsider, Rule 60(b)," in which he asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on March 14, 2006. The Court must construe the motion to reconsider liberally because Mr. Jiron is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Jiron's motion to reconsider, which was filed more than ten days after the Court's March 14, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Jiron fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court dismissed the instant habeas corpus action for failure to exhaust state court remedies. Mr. Jiron presents no reasoned argument in the motion to reconsider that addresses the issue of exhaustion of state court remedies. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion to reconsider filed on April 3, 2006, is denied.

DATED at Denver, Colorado, this _11_ day of _April_, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02554-ZLW

Lawrence Jiron
Prisoner No. 116040
Delta Correctional Center
4102 Sawmill Mesa Rd.
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4-12-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk